## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## Pittsburgh Division

| | |
|---|---|
| MONICA ZORTEA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>COSTCO WHOLESALE CORP.,<br><br>        Defendant. | Civil No. 2:22-cv-1316 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Costco Wholesale Corp. ("Costco") hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. Costco reserves all rights and defenses available to it and, in support of this Notice, states as follows:

## INTRODUCTION

1. On July 26, 2022, Plaintiff Monica Zortea filed a Class Action Complaint ("Compl.") against Costco in the Court of Common Pleas of Allegheny County, Pennsylvania, Case No. GD-22-009299, captioned, "MONICA ZORTEA, individually and on behalf of all others similarly situated, *Plaintiff*, v. COSTCO WHOLESALE CORP., *Defendant*" (the "State Court Lawsuit").

2. On August 16, 2022, Ms. Zortea served Costco with the Civil Cover Sheet, Notice to Defend, and Class Action Complaint. True and correct copies of the Civil Cover Sheet, Notice to Defend, and Class Action Complaint are attached as **Exhibit A**.

3. A plaintiff may not avoid federal jurisdiction by "artfully pleading" a state claim for what is essentially a federal claim. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 396 (1981); *accord United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir. 1986). "[A]ny

civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."  28 U.S.C. § 1441(a); *see, e.g.*, *Wetzel v. Am. Motors Corp.*, 693 F. Supp. 246, 253 (E.D. Pa. 1988) ("There is no reason to believe that Congress in enacting the … amount in controversy requirement for [Magnuson-Moss Warranty Act] jurisdiction … intended to preclude jurisdiction under 28 U.S.C. § 1332"); *accord Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 482 n.2 (11th Cir. 2005) ("Because we conclude that the district court had diversity jurisdiction, we do not consider whether [an] alternative source of federal jurisdiction [under the Magnuson-Moss Warranty Act] was available.").

4. This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to (1) the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat 4 (2005) ("CAFA"), codified at 28 U.S.C. §§ 1332(d) & 1453, and (2) 28 U.S.C. § 1332.

## THE ACTION IS REMOVABLE UNDER CAFA

5. CAFA was enacted based on Congress's concern that certain types of cases "have been restricted to State courts even though they have national consequences."  151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005).  CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance."  28 U.S.C. § 1711, stat. note, subd. (b)(2).  It follows that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

6. CAFA provides that a defendant may remove a state court class action to federal court if:  (1) the proposed class consists of 100 or more members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the proposed plaintiff class is a citizen of a different state than any defendant.  *See* 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6), and § 1453(b).  This action satisfies each requirement.

2

### *Ms. Zortea Proposes a Class of More than 100 Persons*

7. This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Ms. Zortea brought the State Court Lawsuit as a putative class action and seeks to certify a class under Pa. R. Civ. P. 1702, 1708, and 1709 (Compl. ¶ 45), the requirements of which are analogous to Federal Rule of Civil Procedure 23. *See Keppley v. Sch. Dist. of Twin Valley*, 866 A.2d 1165, 1170–1176 (Pa. Commw. Ct. 2005) (comparing Pennsylvania Rules of Civil Procedure 1701-16, which govern class action lawsuits, with Rule 23). In other words, Pa. R. Civ. P. 1702, 1708, and 1709 constitute a "similar … rule of judicial procedure" to Federal Rule of Civil Procedure 23. *See* 28 U.S.C. § 1332(d)(1)(B).

9. Ms. Zortea asserts a single cause of action under the First Cause of Action of the Complaint for violation of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.* (Compl. ¶¶ 55–62.) Ms. Zortea seeks to assert these claims on behalf of herself and the following proposed class: "All persons in Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15 and (b) included a written manufacturer's warranty." (*Id.* ¶ 46 [quotation omitted].) The Complaint alleges the proposed class "contains thousands of individuals, at least." (*Id.* ¶ 49.) *See also Watson v. Prestige Delivery Sys., Inc.*, 2017 WL 635388, at *2–3 (W.D. Pa. Feb. 16, 2017) (once defendant was notified of class size, it could have reasonably ascertained that CAFA jurisdictional amount was satisfied).

10. Ms. Zortea thus seeks to proceed on behalf of a proposed class well in excess of 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

### *The Amount in Controversy Exceeds $5 Million*

11. For purposes of removal under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This Court has

3

jurisdiction over this matter because Ms. Zortea's allegations show this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(2).

12. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

13. "The Magnuson-Moss Act provides that a consumer … may bring suit for damages and other legal and equitable relief." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) (quotations omitted). Ms. Zortea's Complaint is based on "goods that cost more than $15 and … are subject to manufacturer warranties" sold by Costco in Pennsylvania. (Compl. ¶ 11.) Ms. Zortea also alleges Costco makes money by selling consumers "'protection plans' and extended warranties" for its products. (*Id.* ¶ 7.)

14. Ms. Zortea seeks "equitable relief," which may exceed $5 million alone. (Compl. at 13.) Among other things, Pennsylvania courts recognize "restitution" and "rescission" as forms of equitable relief. *See Olde Discount Corp. v. Tupman*, 1 F.3d 202, 219 (3d Cir. 1993). More than $5 million in Costco's Pennsylvania sales over the past four years involved sales of products with written warranties that cost more than $15. Indeed, Ms. Zortea's action potentially implicates thousands of consumer products sold by Costco in its stores and website that come with written warranties and cost more than $15, e.g., televisions, other electronics, and appliances. Many of the products at issue cost many hundreds or thousands of dollars each. Costco sells many thousands or more of these products in Pennsylvania every year.

15. Ms. Zortea may also seek legal damages, which may also exceed $5 million alone based on Costco's Pennsylvania sales over the past four years involving sales of products with written warranties that cost more than $15, to the extent the putative class members claim to have been damaged by their purchases based on their purported inability to obtain written warranties prior to their purchase, as Ms. Zortea claims.

16. Although Ms. Zortea tried to disclaim damages for herself and the proposed class to avoid removal, "[t]his is not a case … where the plaintiff has submitted a sworn affidavit stating that she will ultimately seek less than the jurisdictional amount. … Instead, this is a case [where] the amount in controversy requirement [is amply] satisfied, even though the claim at issue [is] for [injunctive and] declaratory relief, and not money damages." *Miller v. Liberty Mut. Grp.*, 97 F. Supp. 2d 672, 676 (W.D. Pa. 2000). In fact, removal may be appropriate even when a plaintiff, including Ms. Zortea, refuses to stipulate to a limitation on damages. *See McLain v. Wal-Mart Store No. 5495*, 2013 WL 1438254, at *1 (E.D. Pa. Apr. 8, 2013) (denying plaintiff's motion to remand because she did not stipulate to limiting damages).

17. In addition, "although a plaintiff may limit her monetary claims, any such limitation is not binding on the class as a whole prior to class-action certification." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 504 n.8 (3d Cir. 2014). "That is because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). Therefore even a "precertification stipulation" (which Ms. Zortea has not made) could not "overcome [a] finding that the CAFA jurisdictional threshold had been met." *Id*. In sum, the Court should attach "no significance to [Ms. Zortea's] assertions in [her] complaint[] that the amount in controversy is less than [the jurisdictional amount]. … [T]his type of pre-certification stipulation in a complaint does not, by itself, take a case outside CAFA's scope, because the stipulation can bind only the named plaintiff and not the entire proposed class." *Watson*, 2017 WL 635388, at *2.

18. Ms. Zortea also seeks "injunctive … relief" based on the conduct alleged in the Complaint, which includes sales of "any product with a written warranty that costs more than $15." (Compl. ¶¶ 1, 5.) "In actions seeking … injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 485 (W.D. Pa. 2009) (quotations omitted) (collecting cases); *accord In re Corestates Tr. Fee. Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is

settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.") (collecting cases). While unnecessary to reach the jurisdictional threshold, Costco's aggregated expenses to design, draft, implement, and comply with a policy "provid[ing Pennsylvania] consumers with access to any written warranty for a product costing more than $15" for the foreseeable future should be included in the jurisdictional amount. (Compl. ¶ 2.)

19. Ms. Zortea also seeks attorneys' fees and expert fees. (Compl. at 13.) The MMWA permits a court to award a successful plaintiff "a sum equal to the aggregate amount of costs and expenses … determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action." 15 U.S.C. § 2310(d)(2). In at least some class action cases involving the MMWA, class counsel have sought, and been awarded, approximately $4 million or more in attorneys' fees. *See, e.g.*, *In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 2016 WL 7178421, at *17 (M.D. Pa. Dec. 9, 2016) (awarding more than $4 million in attorneys' fees); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 311 (E.D. Pa. 2003) (awarding more than $4.8 million in attorneys' fees). These amounts should also be included in the amount in controversy.

20. A defendant satisfies "CAFA's amount in controversy requirement where its notice of removal includes a plausible allegation that the stakes exceed $5,000,000." *Fox v. Chipotle Mexican Grill, Inc.*, 2021 WL 706757, at *6 (W.D. Pa. Feb. 23, 2021). Without admitting Ms. Zortea's entitlement to any relief whatsoever, Costco alleges Ms. Zortea's Complaint has placed well in excess of $5 million, exclusive of interest and costs, in controversy for purposes of removal.

### *The Minimal Diversity Requirement Is Satisfied*

21. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

22. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Federal courts apply the "nerve center" test to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010). The company's officers or members "direct, control, and coordinate" the company's activities from the "nerve center." *Id*. at 92–93. The "nerve center" will "normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93. Ms. Zortea correctly alleges that Costco is "based in the State of Washington," i.e., incorporated under the laws of Washington and has its principal place of business in Washington. (Compl. ¶ 10.) In sum, Costco is a citizen of the State of Washington.

23. Ms. Zortea alleges she is "a resident of Bucks County, Pennsylvania." (Compl. ¶ 9.) "Citizenship is synonymous with domicile, and the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quotations omitted). On information and belief, Ms. Zortea does not reside in the State of Washington and is a citizen of the State of Pennsylvania.

24. Ms. Zortea purports to bring this action on behalf of "[a]ll persons in Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15 and (b) included a written manufacturer's warranty." (Compl. ¶ 46 [quotation omitted].) Thus, the proposed class exclusively includes "persons in Pennsylvania." (*Ibid*.)

25. Accordingly, at least one member of the proposed class is a citizen of a state different from Costco, and diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A). The diversity between Ms. Zortea and Costco not only satisfies CAFA's minimal diversity requirements, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) and (d)(4), for which Ms. Zortea would bear the burden of proof in any event.

## THE ACTION IS REMOVABLE BASED ON DIVERSITY

26. For the same reasons stated above, the Court has original jurisdiction of this action because Ms. Zortea's claims alone exceed the $75,000 threshold for individual actions. *See* 28 U.S.C. § 1332(a).

27. As explained above, Ms. Zortea and Costco are citizens of different states.

28. Ms. Zortea's individual claim also exceeds $75,000, exclusive of interest and costs, based on her individual requests for injunctive relief, attorneys' fees, experts' fees, and other relief, including her potential claims for damages.

## COSTCO SATISFIES THE REMAINING REQUIREMENTS FOR REMOVAL

29. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Costco filed it within thirty days after service of process, which took place on August 16, 2022.

30. Costco may remove this action to this Court under 28 U.S.C. §§ 1441, 1446, and 1453. Because Ms. Zortea filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania, the United States District Court for the Western District of Pennsylvania is the proper forum for the case to be removed, pursuant to 28 U.S.C. §§ 118(c) and 1446(a).

31. Copies of all process, pleadings, and orders served on Costco in the State Court Lawsuit are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

32. Costco will promptly file a copy of the Notice of Removal with the Court of Common Pleas of Allegheny County and give written notice of the filing of this Notice of Removal to Ms. Zortea under 28 U.S.C. § 1446(d).

33. Costco reserves the right to amend or supplement this Notice of Removal and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12 and applicable law.

WHEREFORE, Costco removes the above-described civil action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, for further proceedings.

DATED:  September 14, 2022       Respectfully submitted,

By: */s/ John G. Papianou*

Attorneys for
COSTCO WHOLESALE CORP.

MONTGOMERY MCCRACKEN WALKER &
RHOADS LLP
John G. Papianou (Pa. I.D. No. 88149)
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Tel: (215) 772-7389
Fax: (215) 772-7620
jpapianou@mmwr.com

DAVIS WRIGHT TREMAINE LLP
James H. Moon (*pro hac vice* forthcoming)
Peter K. Bae (*pro hac vice* forthcoming)
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
jamesmoon@dwt.com
peterbae@dwt.com

DAVIS WRIGHT TREMAINE LLP
James Howard (*pro hac vice* forthcoming)
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
jimhoward@dwt.com

## **CERTIFICATE OF SERVICE**

I certify that on the date shown below, I filed the foregoing Notice of Removal with the Clerk of the Court, and sent notice, via first class mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| Edwin J. Kilpela, Jr.<br>Elizabeth Pollock-Avery<br>Kenneth A. Held<br>1133 Penn Ave, 5th Floor<br>Pittsburgh, Pennsylvania 15222<br>Tel: (412) 322-9243<br>Fax: (412) 231-0246<br>Lynch Carpenter, LLP<br>ekilpela@lcllp.com<br>elizabeth@lcllp.com<br>ken@lcllp.com<br><br>*Attorneys for Plaintiff Monica Zortea* | Kevin Tucker<br>Kevin J. Abramowicz<br>Chandler Steiger<br>Stephanie Moore<br>6901 Lynn Way<br>Suite 215<br>Pittsburgh, PA 15208<br>Tel: (412) 877-5220<br>East End Trial Group LLC<br>ktucker@eastendtrialgroup.com<br>kabramowicz@eastendtrialgroup.com<br>csteiger@eastendtrialgroup.com<br>smoore@eastendtrialgroup.com<br><br>*Attorneys for Plaintiff Monica Zortea* |

Dated: September 14, 2022

_____
John G. Papianou