IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MONICA ZORTEA, INDIVIDUALLY )
AND ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED; )
                        )
         Plaintiff, )
                        )
   vs. )
                        )
COSTCO WHOLESALE CORP., )

2:22-CV-01316-MJH

       Defendant,

OPINION

Plaintiff, Monica Zortea, individually and on behalf of all others similarly situated, brings a putative class action against Defendant, Costco Wholesale Corp., for violation of the Magnuson-Moss Warranty Act (MMWA).  (ECF No. 2-1).

Costco removed this action from the Allegheny County Court of Common Pleas on the basis that this Court has jurisdiction under 1) the Class Action Fairness Act (CAFA) pursuant to 28 U.S.C. §§ 1332(d) & 1453, and (2) diversity pursuant to 28 U.S.C. § 1332 (Diversity).  Ms. Zortea has moved for remand.  (ECF No. 6).  This matter is now ripe for consideration.

After consideration of Ms. Zortea's Motion for Remand (ECF No. 6), the Complaint (ECF No. 2-1), Costco's Notice of Removal (ECF No. 2), the respective briefs and notices (ECF Nos. 7, 19, 24, 25, and 30), the arguments of counsel, and for the following reasons, Ms. Zortea's Motion for Remand will be granted.  Because this Court is directing a remand, Costco's Motion to Dismiss (ECF No. 16), will be denied as moot, without prejudice.

I.      Background

In her Complaint, Ms. Zortea alleges that Costco violated the MMWA's Pre-Sale Availability Rule by not providing consumers with pre-sale access to written warranties. (ECF No. 2-1 at ¶¶ 2–8).  Based upon these allegations, Ms. Zortea seeks "injunctive, declaratory, and … equitable relief" on behalf of a proposed class of "[a]ll persons in Pennsylvania who purchased one or more products from [Costco] that (a) cost more than $15 and (b) included a written manufacturer's warranty." *Id*. at ¶¶ 13 and 46).  Ms. Zortea avers that she, and any Class Members, are disclaiming monetary damages. *Id*. at ¶ 19.  Ms. Zortea filed her Complaint in the Court of Common Pleas of Allegheny County in accord with the provisions under MMWA 15 U.S.C. § 2310(d)(1)(A).

In its Notice for Removal, Costco asserts that this Court has Jurisdiction under CAFA or traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity).   In her Motion for Remand, Ms. Zortea contends that 1) her claim does not satisfy the MMWA's specific claim and jurisdictional prerequisites under MMWA 15 U.S.C. §§ 2310(d)(1)(B); 2) CAFA does not provide an independent basis for jurisdiction for this MMWA claim; and 3) Diversity jurisdiction is lacking.

II.      Relevant Standard

Under 28 U.S.C. §§ 1441 and 1453, a defendant may remove an action or class action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. *See* 28 U.S.C. §§ 1441(a) and 1453. A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. *See id.* § 1447(c). Such remand motions may be filed at any time before final judgment is entered. *Id.* If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action

was removed. *Id.*   "Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). As the party asserting jurisdiction, defendants bear the burden of proving that the matter is properly before the federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

III.    Discussion

Costco is a member-based store that limits entry to card-carrying customers.  Likewise, civil litigants in federal courts must meet certain requisites for entry, whether based upon jurisdiction or the nature of their claims.  In this civil action, both parties are shopping for their preferred forum, which presents this Court with jurisdictional inquiries of first impression.

A.  Parties' Arguments

Ms. Zortea contends that she properly filed her Complaint in state court pursuant to MMWA § 2310(d)(1)(A); and, because her Complaint does not satisfy the requisites for federal jurisdiction under MMWA § 2310(d)(1)(B), she seeks remand back to state court.  Costco asserts that, because the CAFA and Diversity criteria are met in this putative class's MMWA case, this Court is competent to maintain jurisdiction under MMWA § 2310(d)(1)(A).  Ms. Zortea maintains that Costco cannot rely on CAFA or Diversity to circumvent MMWA's specific and express requirements for her MMWA claim and for federal jurisdiction as defined under MMWA § 2310(d)(1)(B).  She contends that, to hold otherwise, would result in CAFA's implicit repeal of the MMWA. Costco argues that the MMWA permits federal jurisdiction under §

2310(d)(1)(A) where CAFA provides a separate basis for subject matter jurisdiction and federal district courts qualify as "courts of competent jurisdiction" under § 2310(d)(1)(A).

B. Status of the law

The Third Circuit has not addressed the issues as presented by the parties. The Sixth and Ninth Circuit Courts have analyzed the interplay between the language of CAFA and of the MMWA, with divergent results. *Cf. Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) (agreeing with those district courts which have generally "held that the CAFA effectively super[s]edes the MMWA's more stringent jurisdictional requirements") *with Floyd v. Am. Honda Motor Co., Inc.,* 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement"). Prior to *Floyd*, Third Circuit district courts had held that CAFA superseded MMWA's class action requirements. *E.g.*, *McCalley v. Samsung Elecs. Am., Inc.*, Civ. No. 07-2141, 2008 WL 878402, at *4–5 (D.N.J. Mar. 31, 2008) (Greenaway, J.); *McGee v. Cont'l Tire N. Am., Inc.*, Civ. No. 06-6234, 2007 WL 2462624, at *4 (D.N.J. Aug. 27, 2007). However, following *Floyd*, Third Circuit district courts have shifted to the Ninth Circuit's reasoning to mandate that, where the requisite § 2310(d)(1)(B) criteria are not met, a MMWA suit must be filed in state court. *In re Subaru Battery Drain Prods. Liab. Litig.*, Civ. No. 20-3095, 2021 WL 1207791, at *12 (D.N.J. Mar. 31, 2021); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020); *Opheim v. Aktiengesellschaft*, CV2002483KMESK, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021); *Talley v. General Motors*, No. 1:20-cv-01137, 2021 WL 7209448 (D. Del. Nov. 26, 2021) (C.J. Bibas sitting by designation).

Absent controlling Third Circuit authority, this remand issue requires analysis of the statutory language from the removal statute under 28 U.S.C. § 1441 et seq., the MMWA under

15 U.S.C. § 2310, CAFA under 28 U.S.C. § 1332(d), and Diversity under 28 U.S.C. § 1332(a).

The operative question is whether the MMWA provides its own exclusive jurisdictional scheme

for MMWA claims; or whether, in state court removal circumstances, CAFA or Diversity apply

to § 2310(d)(1)(A) and supersedes the federal court limitations set forth in MMWA§

2310(d)(1)(B).  To do so, the Court will examine the plain meaning under the pertinent statutes.

C.  Statutory Interpretation

It is the cardinal canon of statutory interpretation that a court must begin with the

statutory language.'" *Nunez v. Subaru of Am., Inc.*, Civ. No. 1:19-cv-18303, 2021 WL 9667930,

at *7 (D.N.J. Feb. 23, 2021) (citing *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d

Cir. 2010), as amended (May 7, 2010)). "When the words of a statute are unambiguous, then,

this first canon is also the last: judicial inquiry is complete." *Id*. (citations and quotations

omitted). According to the "anti-surplusage" canon, "[i]t is our duty to give effect, if possible, to

every clause and word of a statute."  *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)

Under Supreme Court precedent with regard to seemingly competing statutes, "'when

two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed

congressional intention to the contrary, to regard each as effective.'" *J.E.M. Ag Supply, Inc. v.*

*Pioneer Hi–Bred Intern., Inc.*, 534 U.S. 124, 143–44, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001)

(quoting *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)).  Also,

"[w]hen confronted with two Acts of Congress allegedly touching on the same topic, this Court

... strive[s] 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018)

(quoting Morton v. Mancari, 417 U.S. 535, 551 (1974)).  "Implied repeals are generally

disfavored." *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020). Further,

the Court must presume that "Congress is aware of existing law when it passes legislation." *Hall*

*v. United States*, 566 U.S. 506, 516, 132 S.Ct. 1882, 1889, 182 L.Ed.2d 840 (2012).

    D.  Removal

    For removal of civil actions, 28 U.S.C. § 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the place
> where such action is pending.

28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), "a defendant may remove a civil action to

federal court only if the plaintiff could have originally filed the action in federal court." *Maglioli*

*v. All. HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021).

    The Court begins with the general guiding principle that Congress's power to create

lower federal courts includes its power to "limit the jurisdiction of those Courts." *Patchak v.*

*Zinke*, 200 L.Ed.2d 92, 138 S.Ct. 897, 906 (2018) (citing *United States v. Hudson*, 7 Cranch 32,

33, 3 L.Ed. 259 (1812); *accord, Lockerty v. Phillips*, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed.

1339 (1943)).  Thus, in this case, analysis must examine the statutory authority, as granted by

Congress, under the plain language of the MMWA, which directs where and under what

circumstances a consumer may bring suit for relief.

    E.  MMWA Discussion

    The MMWA creates a consumer's right to bring a suit for relief. The MMWA also

expressly defines where and when said suit may be filed vis-à-vis state and/or federal courts.

Under the MMWA, "a consumer may bring suit for damages and other legal and equitable

relief—(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B)

in an appropriate district court of the United States, subject to [15 U.S.C. § 2310(d)(3)]." 15

U.S.C. §§ 2310(d)(1)(A) and 2310(d)(1)(B). 15 U.S.C. § 2310(d)(3) provides:

> No claim shall be cognizable in a suit brought [in an appropriate district court of the United States]—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

1. MMWA § 2310(d)(1)(B)

Presently, the Court examines where Ms. Zortea could have filed this MMWA putative

class action suit under the applicable language for federal district court class actions under 15

U.S.C. § 2310(d)(1)(B).   If she could have initially filed her putative MMWA class action claim

in federal court, then removal was proper.  If she could not have filed her suit in federal court,

then remand is appropriate.  Here, the MMWA § 2310(d)(3) criteria provide that "[n]o claim

shall be cognizable…if the action is brought as a class action claim in federal court, and the

number of named plaintiffs is less than 100."  Because Ms. Zortea's Complaint does not name at

least 100 plaintiffs, it does not meet MMWA's criteria for a federal cognizable claim under 15

U.S.C. § 2310(d)(3)(C).   Therefore, Ms. Zortea, and the putative class, did not have a cognizable

claim, and she could not have filed this case in federal court.  By extension, because "a defendant

may remove a civil action to federal court only if the plaintiff could have originally filed the

action in federal court," Costco would not be permitted to remove this case to federal court.

*Maglioli*,16 F.4th at 406.

A plain reading statutory analysis supports this result.  Beginning with the text of the MMWA,

> (1) Subject to subsections (a)(3) and (e), a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
>> (A)   in any court of competent jurisdiction in any State or the District of Columbia; or
>>
>> (B) in an appropriate district court of the United States, **subject to** paragraph (3) of this subsection.
>
>> ***
>
> (3)     **No claim shall be cognizable** in a suit **brought under** paragraph (1)(B) of this subsection—
>
>> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>>
>> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>>
>> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. §§ 2310(d)(1) and 2310(d)(3) (emphasis added).  "Subject to" means "only if." *See* Antonin Scalia & Bryan A. Gartner, *Reading Law* 126 (2012). Thus, MMWA permits consumers to sue in federal court, but "only if" they comply with paragraph Section 2310(d)(3), which states in relevant part, "no claim shall be cognizable" in federal court if:

> • A class action is "brought under" paragraph (1)(B) of Magnuson-Moss, and
>
> • "[T]he number of named plaintiffs is less than one hundred."

15 U.S.C. § 2310(d)(3), (d)(3)(C).  Congress declared that no claim shall be cognizable in a suit

brought under Section 2310(d)(1)(B) unless specific criteria are met.  Next, for "cognizable,"

Black's Law Dictionary provides two relevant definitions:

1.    Capable of being known or recognized <for purposes of establishing
      standing, a plaintiff must allege a judicially cognizable injury>.

[…]

3.    Capable of being judicially tried or examined before a designated tribunal;
      within  the court's jurisdiction <the tort claims are not cognizable under the
      consumer-protection statute>.

 COGNIZABLE, Black's Law Dictionary (11th ed. 2019).   Under the third definition, a claim is

not "cognizable" if courts lack jurisdiction to hear it. *See also John R. Sand & Gravel Co. v.

United States*, 552 U.S. 130, 136 (2008) (noting that "cognizable by" means "about the same

thing" as "has jurisdiction").  Under this definition, the MMWA directs that a claim is not

cognizable in a suit in "an appropriate district court in the United States," such that a plaintiff,

who does not name 100 plaintiffs, does not have a cognizable claim and cannot bring a suit in

federal court.

        Under the first definition, the term "cognizable" does not speak to jurisdiction; rather, it

determines whether a plaintiff has a federal court claim/cause of action.  MMWA expressly

states that no claim shall be cognizable in a suit brought under Section 2310(d)(1)(B).   As

recognized by Judge Bibas in *Talley*, 2021 WL 7209448, the phrase "[b]rought under law X"

could mean "relying on X for a cause of action" or it could mean "relying on law X for

jurisdiction." *Id*. at *6.  A plain reading of the MMWA's "brought under" language also refers to

litigants, not just courts; and therefore, Section 2310(d)(1) supplies a cause of action for suits in

addition to establishing the jurisdictional authority for courts.

The MMWA speaks to where consumers may bring suit for damages and relief, and it defines the limited circumstances for when a suit may be brought in federal court. It supplies a specific federal cause of action under Section 2310(d)(1)(B).   Without 100 named plaintiffs, the MMWA claim is not cognizable.  Absent a cognizable claim, the district court has no subject matter jurisdiction over the claim. Therefore, Ms. Zortea and the putative class could not have filed their claim under MMWA § 2310(d)(1)(B), and there would be no basis for Costco to remove the state-filed case to federal court.

   2.  MMWA § 2310(d)(1)(A)

Despite the language of MMWA § 2310(d)(1)(B), Costco maintains that this case can qualify for federal court jurisdiction, because, under CAFA, all criteria for a class action are met; and therefore, through MMWA § 2310(d)(1)(A), the federal district court is a "any court of competent jurisdiction in any State or the District of Columbia."   Further, Costco argues that Diversity could confer federal court jurisdiction for Ms. Zortea's individual claim. Ms. Zortea contends that such a reading of § 2310(d)(1)(A) is incompatible with the language of § 2310(d)(1)(B).  Specifically, she argues that the MMWA sets forth a clear judicial demarcation for MMWA claims as between state courts and federal courts.

 "A court of competent jurisdiction is a court with the power to adjudicate the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91, 137 S.Ct. 553, 560, 196 L.Ed.2d 493 (2017) (citing Black's Law Dictionary 431 (10th ed. 2014)). While some other federal statutes expressly define "a court of competent jurisdiction" to include both federal and state courts[1], the MMWA neither defines "court of competent jurisdiction" nor abuts said phrase with any "federal" court reference.  MMWA § 2310(d)(1)(A) instead utilizes "court of competent

---

[1] *See, e.g.* 12 U.S.C. § 1723a(a); 18 U.S.C. § 2703(a), (b) & (c); 29 U.S.C. § 216(b)

jurisdiction" in conjunction with reference to any State or the District of Columbia. If Congress had intended to include federal district courts under MMWA § 2310(d)(1)(A), it could have expressly done so, as it did in MMWA § 2310(d)(1)(B). Criteria for where and when a suit may be filed in an appropriate federal district court is expressly defined separately under MMWA § 2310(d)(1)(B). The implication, that § 2310(d)(1)(A) includes federal district courts within its "any court of competent jurisdiction in any State or the District of Columbia" language, renders the restrictions to federal court under § 2310(d)(1)(B) meaningless. Such is contrary to the rules of statutory construction. Under the harmonious-reading canon, the provisions of a statute should be interpreted in a way that renders them compatible, not contradictory. *See United States v. Bass*, 404 U.S. 336, 344, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (recognizing that "courts should interpret a statute with an eye to the surrounding statutory landscape and an ear for harmonizing potentially discordant provisions."). "[I]t is a 'cardinal rule that a statute is to be read as a whole,' in order not to render portions of it inconsistent or devoid of meaning." *Matter of Glenn*, 900 F.3d 187, 190 (5th Cir. 2018) (citing *Zayler v. Dep't of Agric. (In re Supreme Beef Processors, Inc.)*, 468 F.3d 248, 253 (5th Cir. 2006) (en banc) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 n.7, 123 S.Ct. 1017, 154 L.Ed.2d 972, (2003)) (citation omitted)).

Therefore, under the plain reading of MMWA§ 2310(d)(1)(A) in conjunction with MMWA § 2310(d)(1)(B), MMWA Section 2310(d)(1)(A), which allows a consumer to bring suit "in any court of competent jurisdiction in any State or the District of Columbia," does not include federal district courts. Section 2310(d)(1)(B) specifically speaks to federal courts and the requisites for a claim under MMWA to be cognizable for filing with a federal district court. To interpret § 2310(d)(1)(A) to include federal court jurisdiction would "violate the 'anti-

surplusage' canon, under which '[i]t is [the court's] duty to give effect, if possible, to every clause and word of a statute.'" *Powell v. Subaru of Am., Inc.*, 502 F.Supp.3d 856, 885 (D.N.J. 2020) (quoting *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)). Likewise, as the District Court of New Jersey has explained, "pulling federal courts into subsection (A) would nullify the limits on federal jurisdiction which Congress sought to impose via [the three conditions in] paragraph 3." *Opheim v. Aktiengesellschaft*, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021).  Therefore, Ms. Zortea and the putative class could not have filed their claim in federal court under § 2310(d)(1)(A).  And likewise, Costco has no ability to remove the suit, as filed, under MMWA § 2310(d)(1)(A).

Here, a plain reading of "in any court of competent jurisdiction in any State or the District of Columbia," under § 2310(d)(1)(A), directs filings in state courts, except for those that qualify for federal district court under § 2310(d)(1)(B), as intended and specified by Congress. Moreover, a plain reading of "subject to," "brought under" and "cognizable claim" consistently evidences Congress's intent to permit only limited categories of MMWA cases to file suits through federal district courts. Therefore, there is a clear statutory mandate, created by§ 2310(d)(1)(A) and § 2310(d)(1)(B), that defines and directs where and under what circumstances MMWA suits may be filed (or removed) in federal court.

F.  CAFA, Diversity, and MMWA Reconciliation

The Court now briefly addresses whether the jurisdictional outcomes under MMWA can be reconciled with CAFA and Diversity.  Costco and some courts maintain that CAFA, the later passed statute, abrogates MMWA § 2310(d)(1)(B) and opens § 2310(d)(1)(A) to afford access to federal courts for Ms. Zortea's class action claim.  Costco also argues that diversity under § 1332(a) could afford access for Ms. Zortea's individual claim.  Ms. Zortea contends that such an

implicit repeal of the MMWA violates traditional statutory canons and distorts Congress's intent when it enacted each statute.

In 2005, Congress amended the diversity statute by adding CAFA, which expanded diversity jurisdiction for class actions that met certain criteria:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

28 U.S.C. § 1332 (d)(2)(A). While CAFA, like MMWA, requires a proposed class action of at least one hundred, unlike the MMWA, CAFA does not require the naming of all one hundred plaintiffs. *Floyd*, 966 F.3d at 1033 (comparing 15 U.S.C. § 2310(d)(3)(C) *with* 28 U.S.C. § 1332(d)(1)(D)). In *Floyd*, the Ninth Circuit rejected the proposition that CAFA superseded MMWA's requirements and stated that, "[t]he plain language of the MMWA lists a combination of specific requirements for a claim cognizable in *federal* court." *Id*. at 1034 (emphasis in original).

This Court shares the concerns expressed by the Ninth Circuit and other courts. If CAFA or Diversity substitutes for the MMWA's § 2310 express requirements for claims and court jurisdiction, such would effectively nullify § 2310(d)(1)(B) and its federal court limitations, thereby defeating MMWA's federal court statutory scheme that has been untouched by Congress since its enactment. Congress intended that MMWA class actions meet specified prerequisites for claim cognizability to qualify claims for federal court jurisdiction. When it enacted CAFA, Congress could have addressed this jurisdictional issue with regard to class actions and the MMWA, but it did not. Moreover, as the Court in *Opheim v. Aktiengesellschaft*, 2021 WL 2621689 (D.N.J. June 25, 2021) adeptly stated:

> There is a way to harmonize the two statutes: CAFA does not modify the MMWA's requirements because CAFA applies to suits brought under diversity jurisdiction, which MMWA suits are not. The MMWA creates a federal cause of action, so federal courts hearing MMWA claims are exercising their federal-question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377, 380 (2012) (when a statute creates a federal cause of action, the statute furnishes federal-question jurisdiction, even if it also provides that claims can be brought in state court). In contrast, CAFA modifies jurisdictional requirements in diversity-jurisdiction cases so that more class actions based only on state law can be brought in federal court. Miss. ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165 (2014); see also S. Rep. No. 109-14, at 10 (2005). Because an MMWA claim creates a federal-question case, CAFA does not apply to that claim. Indeed, there is nothing in CAFA's legislative history indicating that Congress sought to modify class-action requirements for class actions addressing federal claims. Floyd, 966 F.3d at 1066. In short, CAFA and MMWA cases have distinct requirements. Plaintiffs do not satisfy the MMWA requirements, so their MMWA claims must be dismissed.

Id. at *13.

Congress passed the MMWA in 1974.  At the time of such enactment, Congress set forth certain threshold dollar amounts under § 2310(d)(1)(B) for individual claims at $50,000 and a numerosity requirement of 100 named plaintiffs for class actions.  At that time, the threshold dollar amount for both 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity) jurisdiction was $10,000.  Therefore, at its enactment, MMWA created state court jurisdiction and created restrictive criteria for claim cognizability and federal court jurisdiction.  In 1980, Congress eliminated the threshold dollar amount for § 1331 federal question jurisdiction.  In 1988 and 1996, Congress raised the Diversity threshold dollar amounts to $50,000 and $75,000, respectively.  CAFA was enacted in 2005.  Congress did not expressly reference the MMWA or amend or repeal MMWA § 2310 in any of these enactments. Moreover, Congress has not since enacted any other legislation to amend any of the provisions of MMWA § 2310.  Congress's inaction is significant.  Costco's suggested interpretation of MMWA § 2310(d)(1)(A), to include

14

federal courts and to then apply CAFA or Diversity to confer federal court jurisdiction, would effectively repeal MMWA § 2310 and defeat Congressional intent.

CAFA, Diversity, and the MMWA can each be given full effect.  This Court's interpretation of MMWA § 2310(d)(1)(A) does not impair CAFA or Diversity jurisdiction, because, under § 2310(d)(1)(B), absent qualifying criteria, there is no cognizable claim and therefore no civil action over which any federal district court has subject matter jurisdiction.  In such circumstance, neither CAFA nor Diversity operates to confer jurisdiction beyond what is expressly provided for under MMWA.  MMWA § 2310(d)(1)(B) affords MMWA consumers an avenue to initiate qualifying class actions in federal court.  It correspondingly allows defendants to remove state court-filed qualifying MMWA§ 2310(d)(1)(B) class actions to federal court.  Neither CAFA nor Diversity statutes are necessary to confer federal court jurisdiction.  MMWA § 2310 fully and exclusively prescribes jurisdiction for consumer claims.  CAFA and Diversity jurisdiction statutes are unaffected by this Court's holding on MMWA.  Those statutes remain unimpeded and consistent with statutory language, construction, and Congressional intent.

G.   CAFA Applicability

Furthermore, even if CAFA applied, which it does not, Coscto must satisfy that the Plaintiffs' claims meet CAFA's $5 million jurisdictional amount. The Notice of Removal does not provide a sufficient basis to support that the damages at issue would likely reach such threshold amount.   On the face of the pleadings, Ms. Zortea and the putative class are seeking non-monetary remedies and any suggestion that attorney's fees could exceed the jurisdictional amount are entirely speculative. Thus, even if this Court were to hold, which it does not, that the MMWA implicitly includes federal courts as "courts of competent jurisdiction" under §

2310(d)(1)(A), CAFA would not afford federal jurisdiction over Ms. Zortea's suit and remand would issue.

H.  Diversity

Similarly, even if Diversity jurisdiction applied as to Mrs. Zortea's individual claim, which it does not, the threshold jurisdictional amount is not met. Diversity jurisdiction requires 1) citizens of different states; and 2) an amount in controversy over $75,000.  While Ms. Zortea and Coscto are citizens of different states, Ms. Zortea's claim does not meet the amount in controversy requirement.  As stated earlier, Ms. Zortea is seeking non-monetary relief.  And even if she would recover attorney's fees, the Third Circuit has held that attorney fees are not costs within the meaning of MMWA; and thus, they are not included in the amount in controversy determination for Diversity jurisdiction. *Suber v. Chrysler Corp*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) (internal citations omitted); accord, *Matthews v. James Hardie Bldg. Prod., Inc.*, No. 3:16-CV378-MCR-EMT, 2017 WL 6994567, at *3 (N.D. Fla. Nov. 21, 2017) (holding monetary award that a plaintiff may be entitled to under the Magnuson Moss Warranty Act, including attorney's fees, cannot be considered for Diversity because MMWA § 2310(d)(1)(B) provides its own jurisdictional amount that precludes costs and fees).  Therefore, even if this Court had found, which it does not, that MMWA implicitly includes federal courts as "courts of competent jurisdiction" under § 2310(d)(1)(A), Ms. Zortea has not asserted an amount in controversy that would meet the jurisdictional threshold under Section 1332.  Thus, remand would issue.

IV.    Conclusion

Accordingly, this case is not eligible for removal and remand is appropriate.  Ms. Zortea's Motion to Remand will be granted.  Because this Court is remanding the suit to Allegheny County, Costco's Motion to Dismiss (ECF No. 16), will be denied as moot, without

prejudice.  A separate order will issue directing the clerk to remand this matter to the Allegheny County Court of Common Pleas.

DATED this 13th day of February, 2023.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

17