**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1940
_____

CARA ROWLAND, individually and on behalf of all others
similarly situated

v.

BISSELL HOMECARE, INC.,
                             Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-22-cv-01500)
U.S. District Judge: Honorable Christy Criswell Wiegand
_____

No. 23-1941
_____

MONICA ZORTEA, individually and on behalf of all others
similarly situated

v.

SAMSUNG ELECTRONICS AMERICA, INC.;
SAMSUNG ELECTRONICS CO., LTD.

SAMSUNG ELECTRONICS AMERICA, INC.,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-22-cv-01309)
U.S. District Judge: Honorable Cathy Bissoon

_____

No. 23-1955

_____

MONICA ZORTEA, individually and on behalf of all others
similarly situated

v.

COSTCO WHOLESALE CORP.,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-22-cv-01316)
U.S. District Judge: Honorable Marilyn J. Horan

2

_____

No. 23-1960
_____

CARA ROWLAND, individually and on behalf of all others similarly situated

v.

HELEN OF TROY LTD.,
a/k/a Helen of Troy LP, a/k/a Hot Tools Professional


HELEN OF TROY LTD.,
                                Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-22-cv-01495)
U.S. District Judge: Honorable Cathy Bissoon


Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2023
_____


Before: SHWARTZ, RESTREPO, and CHUNG Circuit Judges.

(Filed: July 10, 2023)

3

Kenneth A. Held
Edwin J. Kilpela, Jr.
James LaMarca
Elizabeth Pollock-Avery
Lynch Carpenter
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222

Counsel for Plaintiffs-Appellees Cara Rowland and Monica Zortea

Joe N. Nguyen
Stradley Ronon Stevens & Young
2005 Market Street
Suite 2600
Philadelphia, PA 19103

Robert F. Tom
Baker Donelson Bearman Caldwell & Berkowitz
165 Madison Avenue
Suite 2000, First Horizon Building
Memphis, TN 38103

Counsel for Defendant-Appellant Bissell Homecare Inc.

Michael J. Mueller
Ryan P. Phair
Samuel J. Thomas
Hunton Andrews Kurth
2200 Pennsylvania Avenue NW
Washington, DC 20037-1701

Michael A. Comber
Stephen W. Gorman
Devin M. Misour
Comber Miller
300 Koppers Building
436 Seventh Avenue, Suite 300
Pittsburgh, PA 15219

Trevor S. Cox
Thomas R. Waskom
Hunton Andrews Kurth
951 E Byrd Street
Riverfront Plaza, East Tower
Richmond, VA 23219

Counsel for Defendants-Appellants Samsung Electronics America Inc. and Samsung Electronics Co. Ltd.

Kihyun P. Bae
James Moon
Davis Wright Tremaine
865 S Figueroa Street
Suite 2400
Los Angeles, CA 90017

James E. Howard
Caleah Whitten
Davis Wright Tremaine
920 Fifth Avenue
Suite 3300
Seattle, WA 98104

John G. Papianou
Montgomery McCracken Walker & Rhoads
1735 Market Street
21st Floor
Philadelphia, PA 19103

Counsel for Defendant-Appellant Costco Wholesale Corp.

Emily E. Mahler
Kyle T. McGee
Margolis Edelstein
535 Smithfield Street
Suite 1100
Pittsburgh, PA 15222

      Counsel for Defendant-Appellant Helen of Troy Ltd.

_____

OPINION OF THE COURT

_____

SHWARTZ, Circuit Judge.

    This consolidated appeal arises out of four putative class actions filed in state court alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"). Defendants removed the cases to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and Plaintiffs moved to remand to state court.[1]

---

[1] Plaintiffs are Cara Rowland and Monica Zortea. Defendants include Costco Wholesale Corp., Samsung

The District Courts correctly remanded the actions, so we will affirm.

I

In each case, Plaintiffs filed a single-count, putative class action complaint alleging that Defendants either concealed written warranties prior to sale or provided warranties that prohibit the use of third-party repair services or parts in violation of the MMWA.[2]  Defendants removed the actions to the United States District Court for the Western District of Pennsylvania pursuant to CAFA,[3] and Plaintiffs moved to remand to state court.

The District Court held that remand was appropriate because (1) MMWA's jurisdictional requirements were not satisfied; and (2) neither CAFA nor traditional diversity jurisdiction can be used to circumvent those jurisdictional requirements.  Zortea v. Costco Wholesale Corp., No. 2:22-CV-01316, 2023 WL 1970579, at *3-7 (W.D. Pa. Feb. 13, 2023); Rowland v. Helen of Troy Ltd., No. 2:22-cv-1495, 2022 WL 18715775, at *2-5 (W.D. Pa. Dec. 27, 2022), report and recommendation adopted, No. 22-1495, 2023 WL 1996691 (W.D. Pa. Feb. 14, 2023).  Defendants timely petitioned for

---

Electronics America, Inc., Helen of Troy, Ltd., and Bissell Homecare Inc.

[2] Plaintiffs seek injunctive, declaratory, and other equitable relief as well as attorneys' fees and costs.

[3] Defendants, except Samsung, also removed the individual MMWA claims based on traditional diversity jurisdiction under 28 U.S.C. § 1332(a).

7

review of the remand orders pursuant to 28 U.S.C. § 1453(c), and we granted their petitions.

II[4]

A defendant may only remove a civil action to federal court if the plaintiff could have originally filed the action in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Defendants, as the parties seeking to remove the case to federal court, bear the burden of establishing federal jurisdiction. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009). We review the allegations in the complaints and notices of removal, see id., to determine whether the MMWA, CAFA, or the diversity statute provide a basis for federal jurisdiction over these putative class actions.

A

Under the MMWA, a consumer "may bring suit for damages and other legal and equitable relief—(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3)." 15 U.S.C. § 2310(d)(1). Paragraph 3, in turn, provides that:

No claim shall be cognizable in a suit brought under [paragraph (d)(1)(B)]—

---

[4] We have appellate jurisdiction pursuant to 28 U.S.C. § 1453(c) and review issues of subject matter jurisdiction and statutory interpretation de novo. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009).

8

> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

As the statute's plain text demonstrates, the only way to invoke federal jurisdiction is through § 2310(d)(1)(B), as this is the only jurisdictional provision that expressly references federal courts. Section 2310(d)(1)(B) explicitly authorizes suit "in an appropriate district court of the United States," while § 2310(d)(1)(A) authorizes suit "in any court of competent jurisdiction in any State or the District of Columbia." If § 2310(d)(1)(A) was intended to provide an alternative path to federal court, as Defendants argue, Congress could have said so expressly, as it did in § 2310(d)(1)(B).[5] See Weichsel v. JP

---

[5] Defendants argue that because § 2310(d)(1)(A) authorizes suit "in any court of competent jurisdiction in any State," rather than "of any State," it covers all state and federal courts located in the state. This interpretation is not only unpersuasive for the reasons set forth above, but it also contradicts the MMWA's legislative history, which reflects that § 2310(d)(1)(A) only authorizes suit "in any State court of competent jurisdiction." H.R. Rep. No. 93-1107 at 7703-04 (1974); see also S. Conf. Rep. No. 93-1408 at 7759 (1974) (adopting the House provisions that "specifically authorized

Morgan Chase Bank, N.A., 65 F.4th 105, 113 (3d Cir. 2023) ("Where a statute or regulation uses specific language in one [provision] but different language in another, the Court presumes different meanings were intended." (quotations omitted)). Its failure to do so therefore indicates that only § 2310(d)(1)(B) authorizes suit in federal court.

Congress also made clear that a federal court can hear an MMWA claim under limited circumstances. Section 2310(d)(1)(B) provides that plaintiffs can bring suit in federal court "subject to" the requirements set forth in Paragraph 3. 15 U.S.C. § 2310(d)(1)(B). Because "subject to" means "only if," see Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 126 (2012),[6] the MMWA allows

---

suits to be brought in an appropriate United States district court if [Paragraph 3's requirements are satisfied]").

Moreover, although the MMWA does not define "court of competent jurisdiction," a term "is given more precise content by the neighboring words with which it is associated." United States v. Williams, 553 U.S. 285, 294 (2008). Section 2310(d)(1)(A) utilizes the term "court of competent jurisdiction" in conjunction with reference to "any State or the District of Columbia," indicating that it was intended only to authorize suit in state court.

Furthermore, Defendants' reliance on cases examining forum selection clauses is misplaced. Here, we do not examine one jurisdictional clause in isolation but instead must analyze the entire statute, which demonstrates that § 2310(d)(1)(A) does not include federal courts.

[6] Dictionaries from the time of the MMWA's enactment in 1975 further support this definition. See Subject, Oxford English Dictionary (II Supp. 1972) (defining "subject to" as

10

plaintiffs to sue in federal court, but only if they comply with the requirements set forth in Paragraph 3, see Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 402 (3d Cir. 2004) ("[F]ederal jurisdiction for a [MMWA] claim does not exist unless [Paragraph 3's requirements are satisfied]."); see also Suber v. Chrysler Corp., 104 F.3d 578, 582 n.4 (3d Cir. 1997) ("The [MMWA] requires that the amount in controversy exceed $50,000 to establish federal jurisdiction."); Talley v. Gen. Motors, LLC, No. 1:20-cv-01137, 2021 WL 7209448, at *5-7 (D. Del. Nov. 26, 2021) ("[T]he [MMWA] lets [plaintiffs] sue in federal court, but only if they comply with paragraph (3).").

Other parts of the statute's text support this conclusion. Specifically, Paragraph 3 provides that "[n]o claim shall be cognizable" in federal court if the jurisdictional requirements are not satisfied. 15 U.S.C. § 2310(d)(3). The word "cognizable" is defined, in relevant part, as "[c]apable of being tried or examined before a designated tribunal; within the jurisdiction of court or power given to court to adjudicate controversy." Cognizable, Black's Law Dictionary (4th ed. 1968) (citations omitted); see also John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 136 (2008) (noting that "cognizable by" means "about the same thing" as "has

---

"[d]ependent upon a certain . . . modifying condition" or "conditional upon"); Subject To, Black's Law Dictionary (4th ed. 1968) (defining "subject to" as "provided that"); Subject, The Random House College Dictionary (Rev. ed. 1973) (defining "subject [to]" as "dependent upon something"); Subject, Webster's New World Dictionary, College Edition (1968) (defining "subject to" as "contingent or conditional upon").

11

jurisdiction"). In short, the statute's plain text reflects that § 2310(d)(1)(B) provides the sole basis for proceeding in federal court.

The conclusion that § 2310(d)(1)(B) provides the only path for federal courts to hear an MMWA claim is supported by "one of the most basic interpretive canons" that we construe a statute "so that no part will be inoperative or superfluous, void or insignificant." Corley v. United States, 556 U.S. 303, 314 (2009) (quotations omitted). Section 2310(d)(1)(B), on the one hand, only allows suit in federal district court if the jurisdictional requirements in Paragraph 3 are satisfied. Section 2310(d)(1)(A), on the other hand, allows suit in any state court "of competent jurisdiction" with no additional jurisdictional requirements. If § 2310(d)(1)(A) included both federal and state courts, it would render § 2310(d)(1)(B) and Paragraph 3's jurisdictional requirements "insignificant, if not wholly superfluous." Duncan v. Walker, 533 U.S. 167, 174 (2001); see also Yates v. United States, 574 U.S. 528, 543 (2015) ("[T]he canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme." (quotations omitted)). We can avoid this result and give full effect to both provisions by reading § 2310(d)(1)(B) as providing the only avenue for litigating MMWA claims in federal court.[7]

This conclusion is also consistent with the statute's

---

[7] Such an interpretation is also consistent with our duty to "interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into [a] harmonious whole." Argueta-Orellana v. Att'y Gen., 35 F.4th 144, 148 (3d Cir. 2022) (quotations and citations omitted).

purpose. By imposing additional requirements for federal jurisdiction, Congress manifested an intent to restrict access to federal court for MMWA claims. See Saval v. BL Ltd., 710 F.2d 1027, 1030 (4th Cir. 1983) (stating the MMWA's jurisdictional requirements were "designed to restrict access to federal courts"); see also Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 79 (3d Cir. 2011), reh'g en banc granted, 650 F.3d 311 (3d Cir. 2011), reinstated in part by 2012 WL 2052685 (3d Cir. Apr. 17, 2012) (explaining federal courts lack diversity jurisdiction where Congress has "explicitly expressed an intent to strip federal courts of [diversity] jurisdiction"). In fact, the threshold dollar amount for bringing MMWA claims in federal court was set at $50,000, which, at the time of the MMWA's enactment, was significantly more than the $10,000 threshold for both federal question and diversity jurisdiction. See Federal Question Jurisdictional Amendments Act of 1980, Pub. L. No. 96-486, § 2(b), 94 Stat. 2369 (1980); Pub. L. No. 85-554, § 2(b), 72 Stat. 415 (1958). It would thus contradict Congress' intent to read § 2310(d)(1)(A) as providing an alternative and less restrictive path to litigating MMWA claims in federal court. Therefore, MMWA claims can only be brought in federal court if the § 2310(d)(3) requirements are satisfied.

Defendants here do not claim that these requirements are satisfied. Indeed, at a minimum, the third requirement—that a class action name at least one hundred plaintiffs—is not satisfied because each complaint names only one plaintiff. 15 U.S.C. § 2310(d)(3)(C). Because the prerequisites are not satisfied, there is no federal jurisdiction under the MMWA.

B

We next examine whether CAFA provides an independent basis for federal jurisdiction over MMWA claims even where the MMWA federal jurisdictional requirements are not satisfied. CAFA grants federal diversity jurisdiction over class actions when (1) the parties are minimally diverse, (2) the class consists of at least one hundred members (that need not all be named), and (3) the amount in controversy exceeds $5,000,000. Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 500 (3d Cir. 2014) (citing 28 U.S.C. § 1332(d)(2), (5)(B), (6)). We have yet to address whether CAFA supersedes the MMWA's jurisdictional limitations, but the only circuit court to do so precedentially has concluded that it does not.[8] See Floyd v. Am. Honda Motor Co., 966 F.3d 1027, 1032-35 (9th Cir. 2020). For the following reasons, we reach the same conclusion.

1

We begin with the presumption that federal courts have

---

[8] The Court of Appeals for the Sixth Circuit reached the opposite conclusion in a nonprecedential opinion. Kuns v. Ford Motor Co., 543 F. App'x 572, 574-75 (6th Cir. 2013). The Court of Appeals for the Eighth Circuit "assum[ed] without deciding" that CAFA's jurisdictional requirements superseded MMWA's because neither party "challenge[d] this conclusion." Leflar v. Target Corp., 57 F.4th 600, 602 n.1 (8th Cir. 2023). The Court of Appeals for the Seventh Circuit chose "not [to] take sides on this issue . . . because it [did] not affect the outcome" of the case. Ware v. Best Buy Stores, L.P., 6 F.4th 726, 733 n.2 (7th Cir. 2021).

14

diversity jurisdiction, including under CAFA, regardless of the nature of the claim, so long as the requirements of 28 U.S.C. § 1332 are satisfied. Landsman & Funk PC, 640 F.3d at 80. This presumption is rebutted where Congress has "explicitly expressed an intent to strip federal courts of [diversity] jurisdiction, or where such jurisdiction is found to be irreconcilable with a congressional statute." Id. at 79 (citation omitted).[9]

The MMWA's stringent jurisdictional requirements are irreconcilable with CAFA. Specifically, the MMWA and CAFA have competing requirements for how many plaintiffs must be named in a class action that can be brought in federal court. While CAFA requires only a single named plaintiff to litigate on behalf of absent class members, 28 U.S.C. § 1332(d)(5)(B), the MMWA requires at least one hundred named plaintiffs, 15 U.S.C. § 2310(d)(3)(C). Allowing CAFA to govern MMWA class claims would undercut the MMWA's requirement and allow an MMWA class action to proceed in contravention of the MMWA. Because applying CAFA in this context would render the MMWA's named-plaintiff requirement meaningless, the presumption of diversity jurisdiction has been rebutted here. As a result, CAFA does not provide a basis for federal jurisdiction over MMWA class actions that do not satisfy the MMWA's jurisdictional

---

[9] Landsman & Funk PC involved an evaluation of the Telephone Consumer Protection Act ("TCPA"), 640 F.3d at 74, which, unlike the MMWA, authorizes suit in federal court without additional requirements, compare 15 U.S.C. § 2310(d)(1)(B) with 47 U.S.C. § 227(b)(3).

requirements.[10]

2

Our holding does not render either statute unenforceable and is consistent with the strong presumption against the implied repeal of one federal statute by another. Simon v. FIA Card Servs., N.A., 732 F.3d 259, 274 (3d Cir. 2013). "[W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc., 534 U.S. 124, 143-44 (2001) (quotations omitted); see also Simon, 732 F.3d at 274 (requiring "clear and manifest" congressional intent for implied repeal (quoting Hawaii v. Off. of Hawaiian Affs., 556 U.S. 163, 175 (2009))).

---

[10] Defendant Samsung makes arguments related to supplemental jurisdiction, which allows a district court to exercise such jurisdiction over "all other claims that are so related to claims . . . within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(a)'s plain text reveals that supplemental jurisdiction applies only where multiple claims are being pursued in a single complaint, which is not the case here. Thus, while we have suggested that a district court could exercise supplemental jurisdiction over an MMWA claim where the complaint contained other claims with original jurisdiction, see Suber, 104 F.3d at 588 n.12, a district court cannot exercise supplemental jurisdiction over an MMWA claim where no other claims are asserted.

16

The statutes can coexist. CAFA still governs class actions that meet its jurisdictional requirements outside the narrow context of MMWA class actions.[11] Floyd, 966 F.3d at 1035. Furthermore, giving force to the MMWA's more specific jurisdictional requirements is mandated by the "basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." Radzanower v. Touche Ross & Co., 426 U.S. 148, 153 (1976).

---

[11] Defendants assert that the pleadings satisfy CAFA's amount-in-controversy requirement. Different Defendants make different arguments on this subject. For example, some argue that Plaintiffs' decision not to seek damages cannot bind the class before the class is certified. The cases upon which those Defendants rely, however, involve cases in which the complaint sought damages and those plaintiffs tried to cap them by stating that they would not seek damages exceeding $5,000,000. See Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 591 (2013); Judon, 773 F.3d at 504 n.8. These cases are therefore inapt because this case involves requests for only equitable relief, the value of which would be measured by the value of the rights Plaintiffs seek to protect. In re Corestates Tr. Fee Litig., 39 F.3d 61, 65 (3d Cir. 1994). At least one Defendant wrongly argues that the cost of compliance with an order granting such relief is the measure of the amount in controversy. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 539 (3d Cir. 1995). Other Defendants provide the dollar value of the products and warranties sold to Pennsylvania residents. Because CAFA cannot circumvent MMWA's jurisdictional requirements, we need not decide whether this last method for calculating the amount in controversy is correct for this MMWA case.

Moreover, although CAFA was enacted thirty years after the MMWA and was "intended to expand substantially federal court jurisdiction over class actions," S. Rep. No. 109-14, at 43 (2005), "CAFA does not demonstrate any intent by Congress to repeal or alter parts of the MMWA's jurisdictional requirements," Floyd, 966 F.3d at 1035. Indeed, when it enacted CAFA, Congress could have addressed the MMWA's unique jurisdictional requirements, see Hall v. United States, 566 U.S. 506, 516 (2012) ("We assume that Congress is aware of existing law when it passes legislation."), but instead left the MMWA undisturbed.[12]  For these reasons, CAFA does not

---

[12] We recognize that CAFA expressly exempts class actions involving the Securities Act of 1933, the Securities Exchange Act of 1934, and state corporate governance claims, but does not exempt the MMWA. 28 U.S.C. § 1332(d)(9). Congress appeared to be mindful of the complex litigation schemes implicated by these exempted securities claims. See Ring v. AXA Fin., Inc., 483 F.3d 95, 97 (2d Cir. 2007) (describing how the Securities Litigation Uniform Standards Act addressed the "unintended consequence" of "the migration of class actions alleging fraud in securities transactions from federal to state court" that occurred after the Private Securities Litigation Reform Act (PSLRA) instituted heighted pleading requirements); S. Rep. No. 109-14, at 48, 50 (2005) (CAFA's securities carve-out meant "to avoid disturbing in any way the federal vs. state court jurisdictional lines already drawn in the securities litigation class action context by the enactment of the Securities Litigation Uniform Standards Act of 1998.").

In light of these unique circumstances, we conclude that CAFA's silence as to the MMWA does not establish the "clear and manifest" intent necessary for implied repeal. Simon, 732 F.3d at 274. Indeed, the text of the MMWA reflects a desire

displace the MMWA's named-plaintiff requirement and thus cannot serve as a basis for federal jurisdiction over MMWA class actions.

C

Defendants Bissell and Helen of Troy also assert that Plaintiffs' individual claims can be removed under traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[13] As discussed, there is a presumption that diversity jurisdiction exists absent a clear statement to the contrary or where such jurisdiction is irreconcilable with a federal statute. Landsman & Funk PC, 640 F.3d at 79-80. Here, there are two relevant differences between the MMWA and the federal diversity statute: (1) the MMWA requires the amount in controversy to be at least $50,000, 15 U.S.C. § 2310(d)(3)(B), while the federal diversity statute requires it to exceed $75,000, 28 U.S.C. § 1332(a); and (2) attorneys' fees cannot be considered as part of the amount of controversy under the MMWA, Suber, 104 F.3d at 588 n.12; Samuel-Bassett, 357 F.3d at 402, but can be considered under the federal diversity statute "if such fees are available to successful plaintiffs under the statutory cause of action," Suber, 104 F.3d at 585, which they are under the MMWA, 15 U.S.C. § 2310(d)(2).

Despite these differences, the statutes can be reconciled by requiring that both the MMWA's $50,000 amount-in-controversy requirement and the federal diversity statute's

---

on the part of Congress to circumscribe the number of MMWA cases heard by federal courts to a select few.

[13] There is no dispute that the parties in those actions are completely diverse.

$75,000 amount-in-controversy requirement are satisfied. To satisfy both requirements, the amount in controversy would need to exceed $75,000, $50,000 of which could not be attorneys' fees. 15 U.S.C. § 2310(d)(3)(B). Of course, once the $50,000 amount-in-controversy requirement is satisfied, a party need not resort to diversity jurisdiction as the MMWA's requirements would be met, giving the court federal question jurisdiction. Bloom v. Barry, 755 F.2d 356, 356 (3d Cir. 1985). Thus, the statutes are reconcilable.

Here, Defendants rely exclusively on attorneys' fees to assert that they have established the amount in controversy. Attorneys' fees, however, do not count toward the amount in controversy under the MMWA, and Defendants identify no other amounts that would satisfy either the $50,000 or $75,000 requirements in 15 U.S.C. § 2310(d)(3)(B) or 28 U.S.C. § 1332(a), respectively, for the individual claims. Therefore, the District Courts correctly remanded the individual claims to state court.

III

For the foregoing reasons, we will affirm.